By the Court.—Sedgwick, Ch. J.
The action was for damages from an alleged breach of a contract of employment of the plaintiff by defendants, in the latter discharging the plaintiff and refusing to continue the employment.
The contract was in writing, as follows: “ In consideration of Mr. F. F. Waters having agreed to give his undivided time and services in our business, as we may direct, we agree to pay him a salary of thirty-five hundred dollars per year, for a term of two years, &c.” The salary was paid up to January 1, 1886, and not afterwards. The plaintiff had been in the service of the defendants for a long time, and during all the time down to the discharge, he was paid on the 1st and the 15th of each month, unless those dates were of Sundays, when a change was made to an earlier or later day. His service was in traveling over the country widely and selling defendants’ goods, carried about by him. Shortly before January 12, 1886, the defendants directed the plaintiff to go to St. Paul with samples and' to take a room and sell in and from it. In my opinion the service demanded was within the contract. The plaintiff did not go, and when asked if he refused *44 to go, said he did not refuse, but would go if they would pay him, or agree to pay him, beside his salary, up to $8.00 a day for his expenses of traveling. In substance, the plaintiff demanded that, before he should follow the directions of his employers, they should make an oral agreement as to his expenses in addition to the written agreement which had, by implication, settled the obligation of defendants as to the expenses. They had already impliedly agreed to reimburse him for all necessary or reasonable disbursements he should make in carrying out any direction they might give him under the contract. He could not legally call for any further agreement.
It may be suggested that, in response to plaintiff’s claim for expenses up to $8.00 a day, the defendants said they would agree to pay $3.00 a day, and therefore they notified the plaintiff that they would not carry out the written contract, their obligation being to pay reasonable expenses, even if they should exceed $3.00 a day. In reality, however, this was only an expression of their willingness to make an additional arrangement on the terms they proposed, which was ineffectual if the plaintiff should not assent to it. But if no additional arrangement were made, there is no evidence tending to show that defendants declared if plaintiff should obey instructions and make the reasonable disbursements intended by the contract, the defendants would not perform their part. I therefore think that the learned judge correctly held that the defendants were justified in discharging the plaintiff.
It is claimed that the plaintiff was entitled to a verdict for the contract value of his services from the 1st to the 12th of January, when he was discharged. The nature of the contract implied that payment was not to be delayed until the end of the two years, and the understanding of the parties as to when it should be paid was ascertained by the practice, objected to by neither, of paying on the 1st and 15th of each month. As the *45 plaintiff was discharged for cause before the 15th, and no new instalment would fall due before that time, the plaintiff was not entitled to salary for the time now in question.
In my opinion the judgment should be affirmed, with costs.
Freedman and Tritax, JJ., concurred.